State, ex rel. Folwell et al., v. Warford, Col. of Alexandria.

Courts will not construe a law as retrospective, unless such clearly appears to have been the intention of the legislature. This is not a retrospective law, within the proper meaning of that term. It unsettles no right—does not purport to operate upon any contract already made. It does not even affect any former proceedings. It simply substitutes one principle of taxation for another. It.is not now necessary to decide whether, upon the passage of the supplement, a new assessment for 1866 might not immediately have been made, nor whether the collection of the tax of 1866, having been suspended, makes it necessary to assess the instalment of 1866, as well as 1867, in the latter year. The act under which the assessment was made, having been repealed before the assessment could have been enforced, there was no authority for any further proceeding under it after such repeal.

Let all proceedings upon the assessment, subsequent to the passage of the act of April 2d, 1866, be set aside.

REVERSED, 4 *Vroom* 424.

---

THE STATE, EX REL. FOLWELL, WHITE & CO., v. CHARLES WARFORD, COLLECTOR OF ALEXANDRIA.

1. Where additions to an assessment for taxes are made by commissioners of appeal, on complaint made, under the second section of the supplement to the general tax law, passed March 9th, 1848, it must appear on the face of the proceedings of the commissioners, that judgment upon the complaint was rendered within ten days, as required by the supplement.

2. If the notice given by the party complaining is shown to be informal, unmeaning, and different in tenor and effect from that recited in the certificate of the commissioners, the judgment will be set aside.

---

*Certiorari.* In matter of taxation.

Argued before Justices DALRIMPLE and WOODHULL.

For the relators, *B. Van Syckel.*

For the defendant, *G. A. Allen* and *J. C. Besson.*

The opinion of the court was delivered by

DALRIMPLE, J.   The assessment removed by the *certiorari* in this case, was made by the commissioners of appeal of the township of Alexandria, in the county of Hunterdon, against the relators, under color of the second section of the supplement to the general tax law, passed March 9th, 1848, (*Nix. Dig.* 850, 857.)*  That section provides that if any person or persons shall have been assessed at too low a rate, or be omitted in the assessment, it shall be lawful, on complaint made, for the commissioners of appeal in cases of taxation, after five days' notice, in writing, to the parties interested, by the party complaining, and after due examination and consideration of the facts and circumstances of the case, to make such addition to the assessment as shall be agreeable to the principles of justice ; and the judgment of the commissioners shall be rendered within ten days after the making of the said complaint.   The relators resided, at the time of the assessment complained of, in said township of Alexandria, and were doing business in the adjoining township of Kingwood, under the name, style, and firm of Folwell, White & Co.   It appears by the evidence taken in the case, that complaint was made to the commissioners in December, 1864, that the said firm, which resided in said township of Alexandria, was possessed of certain personal property, on which no assessment had been made for the then present year ; whereupon notice was given by the complainant to the relators, or some of them, of the hearing of said complaint, before the commissioners, on the twenty-eighth of December, then instant.   The hearing took place in accordance with the notice.   A certificate made by the commissioners of the proceedings before them on such hearing is sent up, by which it appears that a tax of nine hundred and sixty dollars was imposed on said firm, for the

*Rev., p. 149, ? 56.

personal property which it was proved they owned, and on which no assessment had been made.

The first objection to the proceeding is, that it does not show upon its face that the commissioners rendered their judgment, as required by the act, within ten days after the complaint made. The only authority to make the assessment was that delegated by the statute. It is settled by repeated decisions of this court, that no intendment is to be made in favor of the regularity of such proceedings. They must show upon their face that the statute under which they were instituted, has been strictly complied with. In the case of *The State* v. *Jersey City*, 2 *Dutcher* 540, Justice Elmer delivering the opinion of the court, says : " There is no principle better settled than that commissioners, or other persons exercising a special power, who keep no record of their proceedings, but whose acts are authenticated only by the certificate in each particular case, must show on the face of their proceedings that they have pursued strictly the authority vested in them by the statute under which they act." The act now in question gives to the commissioners of appeal authority to receive the complaint, and after notice to the party complained against, and due examination of the facts, and consideration of the case, but within ten days after the making of such complaint, to make such addition to the assessment as shall be agreeable to the principles of justice. The mode of proceeding is specifically directed. There must be complaint made, notice thereof given, due examination and consideration of the case, and judgment rendered thereon, within ten days after complaint made. A failure to comply with any one of these requirements renders the whole proceeding *non coram judice*, and void. It not appearing by the certificate now under review, that the judgment against the relators was rendered within the time required by the statute, the assessment must, for that reason, be reversed and set aside.

Another objection urged was, that in point of fact, no lawful notice of the hearing was given to the firm, nor to

any member thereof. The statute requires that five days' notice in writing be given to the party interested, by the party complaining. Due and proper notice is, therefore, made indispensable to the legality of the proceeding. It would have been requisite, in the absence of such express enactment. The certificate recites that such notice was given. The evidence shows that the notice actually served is informal, unmeaning, and different in tenor and effect from that recited in the certificate. The notice, in fact given, is addressed to the firm, and commences with these words: "The above is a true copy of a complaint made to the commissioners of appeal," &c., but a copy of the complaint was not prefixed, and none was served. The notice in no otherwise states what the complaint was. After stating when and where the commissioners will meet, the notice proceeded to state that the object of their meeting is to make "such addition to your (the said firm's) assessment as the facts and circumstances shall require." The commissioners proceeded, not to make an addition to an assessment already made by the assessor, but to make a new and original assessment against the firm, on the ground that the firm had been omitted in the annual assessment. The notice was, therefore, of a proceeding different from that taken. The relators did not appear at the hearing, and did not waive want of due notice. It was insisted by counsel of the defendant, that the recital of notice contained in the certificate was final and conclusive, and could not be contradicted. This might be so, if the proceedings were called in question, collaterally. In a suit brought by the party affected by them, for the purpose of testing their legality, no such rule prevails, otherwise the party injured would be without remedy. There were various other objections taken on the argument to the validity of the assessment. We do not consider it necessary to discuss them.

For the reasons already stated, the assessment must be reversed.